## TEXAS STANDARD COTTON OIL COMPANY, Respondent, v. MUTUAL FIRE INSURANCE COMPANY, Appellant.

*Order that an answer be made more definite and certain — granted where the complaint alleges, generally, false representations to have been made by agents of a corporate plaintiff.*

In an action brought by a corporation to recover upon a policy of insurance against fire, the answer alleged that an agreement, mentioned in the complaint, fixing the amount of the loss, was entered into by the defendant on the strength of and in reliance on false and fraudulent representations upon the part of the plaintiff as to the amount of the loss, and that false and fraudulent statements had been made by the plaintiff and its authorized agents to the defendant and its authorized agents.

*Held*, that the plaintiff was entitled to an order to have the answer made more definite and certain.

Whatever the rule may be as between individuals in this regard, where one of the parties is a corporation and acts by its trustees, officers and agents, such relief will be granted, as such a plaintiff cannot be expected to have in court every agent, officer and trustee upon the trial of any case in which an allegation of fraud may have been asserted.

APPEAL by the defendant, the Mutual Fire Insurance Company, from an order of the Supreme Court, made at Special Term in the city of New York, and entered in the office of the clerk of the county of New York on the 24th day of September, 1890.

*Stine & Calmen,* for the appellant.

*Benno Loewy,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover the alleged loss of the plaintiff by fire on certain property insured by the defendant . The answer admits the issuing of the policies, denies the amount of the loss sustained, and alleged that the agreement mentioned in the complaint fixing the amount of the loss was entered into by the defendant on the strength of and in reliance upon false and fraudulent representations upon the part of the plaintiff as to the amount of the loss, and that false and fraudulent statements were made by the plaintiff and its authorized agents to the defendant and its authorized agents; and that all the agreements made were made in reliance upon such false and fraudulent statements. It also alleges that the fire by which the property of the plaintiff was destroyed or damaged was caused by the act, neglect or with the connivance of the plaintiff, or of parties interested in said property. The plaintiff thereupon moved to have the answer made more definite and certain; and the court ordered that said answer be made more definite and certain by inserting what false representations were made as to the amount of its loss and damage, and where and when and by whom made, and in what respects such statements were false and untrue; and also when, where and by whom a certain alleged agreement mentioned in the answer was entered into, and what the fraud or false swearing alleged by the answer consisted of, and by whom committed, and in what the alleged neglect of the plaintiff to use means to preserve the property at and after the fire consisted of, and what loss was sustained by reason thereof. And from such order this appeal is taken.

The ground upon which the appellant rests is, that the decisions of the courts of this State have been nearly unanimous (as he claims) that such a motion will not be granted where the plaintiff has all the knowledge on the question at issue in as full a measure as the defendant.

However applicable such a rule may be as to individuals, its stringency must necessarily be relaxed where one of the parties is a corporation and acts by its trustees, officers and agents; because such a plaintiff cannot be expected to have in court every agent, officer and trustee upon the trial of any cause into which an allegation of fraud may have been injected.

The allegations alleged to have been fraudulently made are stated in the answer to have been made by the plaintiff or its authorized agents. The plaintiff was entitled to know, before going to trial, by whom and when and where such representations were made, in order that it should have the individual present upon the trial, or that it might examine him in case he should be a non-resident of the State, to meet any proof which might be offered by the defendant upon the trial. The allegations in regard to what the representations were is absolutely indefinite, and conveys no notice to the party as to what it is charged with, and the plaintiff is entitled to know, with a reasonable degree of definiteness, what is the claim which the defendant will urge upon the trial, in order that it may make proper preparation to meet it.

It is a familiar principle that, where a party is charged with making fraudulent representations, that he knows whether or not he did make such false representations. But when a corporation is charged with having made false representations, it is impossible for it to determine what may be the course of proof upon the trial, and thus have the proper parties in court to refute the charges made against it. It is needless to go through the various portions of this order as to which relief has been granted, because the principle which controls one controls all.

We think that none of the objections to the order which have been urged before the court are well taken. But, in the affirmance of the order, we do not intend to support in its entirety the practice pursued upon this application, but simply to rule upon the questions which have been raised upon this appeal.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BARTLETT and BARRETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.